# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### Filed: February 19, 2020

```
* * * * * * * * * * * * *    *
The Estate of DAVID E. NAWATNY      *
by its Personal Representative, DONNA  *
NAWATNY,                            *          UNPUBLISHED
                                    *
            Petitioner,             *          No. 15-1384V
                                    *          Special Master Gowen
v.                                  *
                                    *          Attorneys' Fees and Costs
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
* * * * * * * * * * * * *    *
```

Daniel H. Pfeifer, Pfeifer, Morgan & Stesiak, South Bend, IN, for Petitioner.
Colleen C. Hartley, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 27, 2019, Donna Nawatny, acting as Personal Representative of the Estate of David E. Nawatny ("Petitioner"), filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 73). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of **$69,731.06**.

## I.    Procedural History

On November 16, 2015, Petitioner filed a petition in the National Vaccine Injury

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

Compensation Program.[2]) The petition alleged that Mr. Nawatny received a flu vaccination and thereafter suffered from Systemic Inflammatory Response Syndrome ("SIRS"). The petition further alleged that Mr. Nawatny's death was the sequela of his alleged vaccine-related injury. On July 11, 2019, the parties filed a stipulation, which I adopted as my Decision awarding damages on the same day. Decision, ECF No. 68.

On September 27, 2019, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her counsel in the total amount of $90,377.76, representing $29,985.00 in attorneys' fees and $60,392.76 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants that she has not personally incurred any costs in pursuit of this litigation. ECF No. 77 at 1. Respondent reacted to the fees motion on September 27, 2019, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 74). On October 26, 2019, Petitioner filed a supplemental motion for attorneys' costs, requesting an additional $2,641.53 for work performed by Petitioner's probate counsel. ECF No. 75. Thus, the total amount requested is $93,019.29.

## II.     Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.   Attorneys' Fees

Petitioner requests the following rates of compensation for the work of his attorneys: for Mr. Daniel Pfeifer, $400.00 per hour for all work performed in this case (2015-2019), and for Mr. Jerome McKeever, $250.00 per hour for all work performed (in years 2015-2019). These rates are consistent with what Mr. Pfeifer and Mr. McKeever have previously been awarded for their Vaccine Program work. *See, e.g., Knura v. Sec'y of Health & Human Servs.*, No. 17-737V, 2018 WL 6167087, at *5 (Fed. Cl. Spec. Mstr. Oct. 31, 2018). Accordingly, the requested rates are reasonable.

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$29,985.00**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $63,034.29. The majority of this amount ($57,079.00) is attributable to work performed by Petitioner's expert, Dr. Joseph Vinetz, while the remainder consists of acquiring medical records, postage, the Court's filing fee, and work performed by Petitioner's counsel at Ringsmuth Wuori, PLLC for probate work. The non-expert costs have been adequately documented and appear reasonable in the undersigned's experience and shall be reimbursed fully. The expert work of Dr. Vinetz, however, requires further discussion.

Like attorneys' fees, reasonable expert fees are for determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours. *Caves v. Sec'y of Health & Human Servs.*, 111 Fed. Cl. 774, 779 (2013). To determine an expert's reasonable hourly rate, the special master typically considers factors similar to those considered for an attorney, including the "area of expertise; the education and training required to provide necessary insight; the prevailing rates for other comparably respected available experts; the nature, quality, and complexity of the information provided; [and] the cost of living in the expert's geographic area." *Sabella*, 86 Fed. Cl. at 206 (internal citations omitted). "Petitioner has the burden of providing the foregoing information concerning expert fees." *Id*.

Dr. Vinetz is board certified in internal medicine, infectious disease, and clinical tropical medicine and traveler's health, and is currently a professor of medicine for the section of infectious diseases at Yale School of Medicine and has previously held similar positions at the University of California, San Diego, and the University of Texas. He has also been an author in over 100 peer-reviewed original research articles. ECF No. 47-2 (updated CV of Dr. Vinetz).

The undersigned also notes the quality of Dr. Vinetz's work product in this case. Specifically, Dr. Vinetz's supplemental report, prepared in response to questions raised by the undersigned during a January 17, 2017 status conference, provided clear and concise answers and made good use of medical literature. Overall, there can be no doubt that Dr. Vinetz's work played a substantial role in Petitioner obtaining a favorable result.

However, Dr. Vinetz's requested hourly rate of $845.00 vastly exceeds any rate previously found to be reasonable in the Vaccine Program. The undersigned has previously noted that special masters have declined to award more than $500.00 per hour to expert witnesses in the Vaccine Program. *See Green v. Sec'y of Health & Human Servs.*, No. 15-1447V, 2017 WL 6336776, at *4 (Fed. Cl. Spec. Mstr. Nov. 16, 2017) (reducing an expert's rate from $800.00 per hour to $500.00 per hour). The undersigned is also aware of recent cases in which experts have been compensated for work that was billed at rates higher than $500.00 per hour. *See, e.g., Montague v. Sec'y of*

*Health & Human Servs.*, No. 16-298V, 2018 WL 5284594, at *2-3 (Fed. Cl. Spec. Mstr. Sept. 19, 2018) (compensating expert work billed at $600.00 per hour); *Nwala v. Sec'y of Health & Human Servs.*, No. 16-923V, 2019 WL 2005751, at *3-4 (Fed. Cl. Spec. Mstr. Apr. 12, 2019) (compensating expert work billed at $650.00 per hour).

These cases, however, do not stand for the proposition that such a rate is reasonable for expert work in the vaccine program. Rather, they specifically note that in awarding the requested expert costs, the special master was not addressing the reasonableness of the specific hourly rate, but rather was finding the total amount billed by the expert to be reasonable in light of the work performed in that particular case. Both cases involved drastically less expert work than the instant case – in *Montague*, the experts billed for 4.0 and 3.0 hours respectively and in *Nwala* the expert billed for 15.25 hours of work. Both cases also involve expert rates which, although exceeding $500.00, are much lower than the rate at issue here.

In contrast, the undersigned finds that the total amount billed here, $57,079.00 for approximately 67 hours of work, is not reasonable.  In this case Dr. Vinetz did review a complex medical history, recognize a likely long-term misdiagnosis of the petitioner and provided a sophisticated analysis in two reports of the underlying medical condition and his theory of causation.  He also spent 30 hours preparing for a pending hearing which was cancelled when the case settled.  However, the large sum billed on this case relative to others involving complicated issues is primarily attributable to Dr. Vinetz's high hourly rate. While the undersigned is cognizant that reduction of expert hourly rates (to what may be below-market rates) increases the difficulty for petitioners to secure qualified experts, this must be balanced against the fact that many well-credentialed, experienced experts participate in Vaccine Program litigation and charge rates far less than what is sought herein.[3] The undersigned also notes that this appears to be Dr. Vinetz's first time participating in Vaccine Program litigation. Special masters have considered an expert's prior Vaccine Program experience when assessing the reasonableness of their hourly rate as such experience in addressing the unique issues involved in vaccine cases tends to lead to greater efficiency and thus fewer hours billed.  As I believe that Dr. Vinetz capably and helpfully addressed complex issues leading to a favorable resolution of the case I will compensate him at the high end of what has been paid to experienced expert witness at a rate of $500 per hour.

In sum, after considering Dr. Vinetz's credentials, his experience, the work performed in the instant case and the quality of that work, and his experience in the Vaccine Program, I find it reasonable to compensate his work at an hourly rate of $500.00.  Accordingly, a reasonable amount for Dr. Vinetz's work in this case is $33,790.77.[4]

III.    **Conclusion**

---

[3] The undersigned notes that Petitioner has made no showing as to the reasonableness of Dr. Vinetz's hourly rate, such as what similarly credentialed experts charge for expert legal work, or what a reasonable market rate for such work would be.

[4] $500.00 per hour is 59.2% of Dr. Vinetz's requested rate. $57,079.00 requested * 0.592 = $33,790.77.

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $29,985.00 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$29,985.00** |
| | |
| Attorneys' Costs Requested | $63,034.29 |
| (Reduction of Costs) | - ($23,288.23) |
| **Total Attorneys' Costs Awarded** | **$39,746.06** |
| | |
| **Total Attorneys' Fees and Costs** | **$69,731.06** |

**Accordingly, I award a lump sum in the amount of $69,731.06, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Daniel Pfeifer.[5]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).